## GENERAL COURT, MAY TERM, 1805.

### DYSON *vs.* WEST'S EX'X.

ASSUMPSIT for *goods*, *wares* and *merchandize*, sold and delivered, &c. and for *sundry matters* properly chargeable in account.

The defendant pleaded *non assumpsit* and *plene administravit*. There was the general replication to the last plea, and issues were joined. The plaintiff brought this action as surviving partner of *Dyson, Rogers &* Co. (foreign merchants,) against the defendant as executrix of *Stephen West*, surviving partner of *John Hobson*.

At the trial the plaintiff offered in evidence to the jury an account of the goods shipped by the house of *Dyson, Rogers &* Co. to *West & Hobson*, which was proved as follows, to wit: "London, to wit, Kingdom of Great Britain. On the 27th of November 1799, personally appeared *Abraham Dyson*, of London, merchant, late partner with *John Rogers* and *Ely Dyson* of London, merchants, deceased, who carried on trade and merchandize under the firm of *Dyson, Rogers &* Co. before me the subscriber, lord mayor of the city of London aforesaid; and at the same time appeared *J. W.* of, &c. late clerk to the before mentioned partnership of *D. R. & Co.* and made oath on the Holy Evangely of Almighty God, that the several bills of parcels marked No. &c. hereunto annexed, are bills of parcels of sundry goods, wares and merchandize, sold by the said *D. R. & Co.* and were shipped and consigned to Messrs. *Stephen West* and *John Hobson*, then of, &c. on their partnership account and risk, and that the same are just and true as therein stated; and that the account current marked with letter B. hereunto annexed, entitled, &c. and signed by the said *A. D.* as surviving partner of the said *J. R.* and

The omission of the word *security* in the probate of an account under the act of 1785, *ch.* 46, is fatal.

Two several probates of the same account under that act, taken *at different times*, cannot be considered together so as to make either complete, if in itself each be defective

The above act, so far as it relates to the proof of accounts, must be strictly construed.

The plaintiff not having filed an account to meet a count in his declaration for matters properly chargeable in account, is not a sufficient ground for the court to grant leave to amend the declaration

*E. D.* deceased, is a just and true account, and that they believe the goods, wares and merchandize, charged in the said account, and the above bills of parcels, were *bona fide* delivered as charged, and that they, or either of them, have not, nor did the said *J. R. & E. D.* or either of them, to the best of these deponent's knowledge and belief, receive any payment or satisfaction for the articles charged, more than credit is duly given for in and appearing upon the said account, nor have they *the said J. R. and E. D. or either of them, received any security for the same*, and that the balance charged and claimed is justly due, according to the best of their respective knowledge and belief."

It was sworn before, signed and certified. by the lord mayor, and a certificate by a notary public that such person was lord mayor; and also a certificate of the American consul, that the person certifying as notary public was a notary public.

*Shaaff*, for the Defendant, objected that the *probate* to the account offered in evidence is not such as the act of 1785, *ch.* 46, requires, For the present the objection to the manner in which the account and probate have been *authenticated* is waved. The objection now urged is, that the probate is not conformable to the *4th section* of the said act of 1785, and it arises under that part of the section which is in these words: "Provided that the *party bringing suit* for money aforesaid, or the price of goods, &c. shall, at or before the first imparlance court, make oath or affirmation before some judge or justice of this state, or before some court, judge, justice or officer of the state or country where such money, goods, &c. shall have been delivered, having authority, and to be certified as aforesaid, *that he believes the money, goods, &c. charged in the account*, to which such oath, &c. shall be annexed, *were bona fide delivered as charged*, and *that he hath not, to his knowledge or belief, received any payment or satisfaction for the articles charged more than credit is duly given for in and appearing upon the account*, to which such oath, &c. shall be annexed, *nor hath* HE *received*

*any security for the same,* and *that the balance charged and claimed is justly due, according to the best of his knowledge and belief.*" Here the court will perceive that there are three distinct branches in the section which must be complied with to make the probate complete. The first part of the section directs, that there should be disinterested proof of the delivery of the goods, and that the person bringing the suit must prove,

MAY 1805.

Dyson
vs.
West

1. That he believes the goods as charged were delivered, and that he hath not received any payment or satisfaction, &c.

2. That he hath received no security for the same; and

3. That the balance charged and claimed is justly due.

It will be perceived that one of the material branches in the probate provided for by this act, has been omitted in the one in question. It states, that the plaintiff made oath that his deceased partners *J. R.* & *E. D.* had not received any security; but he does not swear that he himself had received no security. There is an attempt in the probate to pursue the words of the act, and it may be supposed the plaintiff was not willing to swear he had not himself received security. Every branch of the section is material, or why was it inserted? And unless every branch is complied with, the probate cannot be legal. It is certainly very material for the person bringing the suit to swear he had not received any security, and it will not be sufficient if he swears that his deceased partners had not received any security. It is a principle of law, as this act creates a new mode of proof, if any of the requisites of the act are omitted it is not sufficient. If swearing that the account is just, and that the balance charged is due, are sufficient to exclude a compliance with the other branches of the section, there could have been no necessity for inserting them.

*Buchanan*, for the plaintiff.   The account is sub-
stantially proved conformably to the act of 1785, *ch.*
46, which does not prescribe a particular form.   The
objection is, that the word *security* has not been in-
serted in the probate.   The *fourth section* of the act
consists of *two* parts; and as to the *first part*, respect-
ing the sale and delivery of the articles to be proved
by a disinterested witness, it has been conceded by
the gentleman on the other side, that the plaintiff
has complied with the act of assembly.   But that un-
der the *second part*, so far as it relates to the plaintiff,
he has not complied with the law, the word *security*
not being inserted in the probate, and it has been
said that *security* may have been given to the
plaintiff.   By the probate it appears that the
plaintiff swears that he has received no payment
or *satisfaction*, and that the balance charged and
claimed is justly due.   But because he does not say
he has *received no security himself*, it is seriously con-
tended the act of assembly has not been complied
with.   The probate states that the plaintiff swore he
had received no *satisfaction*, and this, it is conceived,
plainly shews *that he has received no security*.   It
will appear that the words in the act were intended
to be pursued in the probate, and the omission of the
word *security* may have been a clerical inaccuracy,
which the court will think not material.   Can *secu-
rity* have been received if no payment or satisfaction
has been received?   Does it not virtually mean that
no security has been given?   If security had been
given it surely would be a receiving satisfaction, and
the word *satisfaction* embraces security.   The gentle-
man has said that this is an act in derogation of the
common law, and must therefore be strictly construed.
The act intended to give to foreign creditors an easy
mode of recovering their debts, and if the probate
can justify the court in believing that there has been no
payment, security or satisfaction, *though any of those
words should be omitted*, they will consider it suf-
ficient.   Since this action was commenced, an account
with a probate was forwarded from London; but they

MAY 1805

Dyson
vs
West

were returned, the probate not containing the essentials required by the act of assembly. Since then the present account and probate have been sent out, with the former probate annexed to them. The plaintiff now offers the former probate for the purpose of supplying any defects or omissions in the present one, and contends that if they are taken together the supposed omission in the present probate will be amply cured, and the full proof required by the act will be made out.

CHASE, Ch. J. When were the old and new probates made?

*Key*, for the defendant. The old probate appears to have been made in 1796, and the new one in 1799.

CHASE, Ch. J. Will not the question occur as to the security between 1796 and 1799?

*Johnson*, for the plaintiff. The act of assembly does not specify at what time the probate is to be made.

CHASE. Ch. J. The old probate cannot supply any defect which may be in the new probate, for although the plaintiff might have proved in 1796 that he had received no security, yet in 1799, when the new probate was made, if he had received security in the interval, he could not make the probate, and that word being omitted in the last probate, it may be well presumed he had received such security in that interval.

The court are not deciding how far the word *security* is essential. But they say, if it is an essential omission, the old probate cannot aid it.

The court think the plaintiff's counsel had better consent to withdraw a juror, and continue the case, for the purpose of getting better proof.

But the counsel of the defendant would not consent that a juror should be withdrawn, and upon examination the court discovered they had no authority to order a continuance without the consent of the defendant's counsel.

May 1805.
Dyson
vs
West

CHASE, Ch. J. The Court consider that part of the act of assembly, (1785, ch. 46,) which requires that the party bringing the suit should swear that he had received *no security*, is an essential which cannot be dispensed with; and that the defect in the probate is in a matter of substance, and therefore fatal.

*Where there is no proof applicable to one of the counts in the plaintiff's declaration, the court will not give leave to amend the declaration*

*Johnson*, for the plaintiff, prayed leave to amend the declaration, and that a juror might be withdrawn for that purpose. The declaration, he said, has a count for sundry matters, &c. and there was no account filed applicable to that count.

*Shaaff*, contra. This would be getting round the act of assembly for the amendment of the law. There is in the declaration a count for goods, wares and merchandize.

CHASE, Ch. J. The Court are not authorised to give the leave. The act of assembly *does not authorise* the court to give leave to amend upon the ground stated.

PLAINTIFF NONSUITED.